IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YU CHIEH "JERRY" YANG,<br><br>    PLAINTIFF,<br><br>v.<br><br>MIKE REZI NISSAN, d/b/a<br>TT OF DEKALB, INC.,<br><br>and<br><br>AUTOMOTIVE MANAGEMENT<br>SERVICES, INC., (AMSI),<br><br>    DEFENDANTS. | Civil Action File No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**1.**

Plaintiff Yu Chieh "Jerry" Yang, ("Plaintiff Yang"), asserts his Complaint against Defendants Mike Rezi Nissan, d/b/a TT of Dekalb, Inc.("Defendant Nissan"), and Automotive Management Services, Inc. ("Defendant AMSI"), and collectively as "Defendants", shows the Court as follows:

1

## NATURE OF ACTION

2.

Defendants told a Shop Technician it employed at its car dealership to take 14 days off of work under the Emergency Paid Sick Leave Act after the technician had reported to his manager that he tested positive for Covid. Defendants then fired the technician on the day he returned to work following his sick leave, interfering with his FMLA rights, and in retaliation for taking the sick leave.

3.

This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C §§ 2601 et seq. as amended by the Families First Coronavirus Response Act ("FFCRA") Pub.L. No.116-127, 134 Stat. 178 (2020) ("FFCRA") to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' interference with Plaintiff's right to take medical leave and retaliation for Plaintiff's request for 14 days of paid sick leave leading to his unlawful termination.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under the FFCRA.

**5.**

This Court also has original subject matter jurisdiction of this case under 28 U.S.C §§1331 and 1341, since the matters in controversy are brought pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C §§ 2601 et seq. as amended by the Families First Coronavirus Response Act ("FFCRA") Pub.L. No. 116-127, 134 Stat. 178 (2020).

**6.**

Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

**7.**

All conditions precedent to this lawsuit within the meaning of Fed. R. Civ. P. 9(c) have been performed or otherwise occurred.

## PARTIES

**8.**

Plaintiff is a citizen and resident of Fulton County, Georgia.

**9.**

Defendant Nissan is a domestic for-profit company doing business in Gwinett County, Georgia.

**10.**

Defendant Nissan d/b/a TT of Dekalb, Inc., may be served via its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

**11.**

Defendant AMSI is a foreign for-profit company located in Palm Beach County Florida, and doing business in Atlanta, Gwinnett County, Georgia.

**12.**

Defendant AMSI may be served via its Registered Agent, Corporation Service Company, 1201 Hays St., Tallahassee, Florida, 32301-2699.

**13.**

Defendants are employers as defined by the laws under which this action is brought and employs the requisite number of employees.

## STATEMENT OF FACTS

**14.**

On or about December 17, 2018, Plaintiff Yang begins work as a Shop Technician at Defendant's Nissan Dealership.

**15.**

On or about December 2, 2019, Defendant Mike Rezzi Nissan takes over the ownership of Plaintiff Yang's former employer. The Defendants become Plaintiff Yang's employer.

**16.**

In his first year of employment, December 2018-December 2019, Plaintiff Yang earns $120,000.00 as a Shop Mechanic.

**17.**

In March 2020, the Corona-19 virus causes a global pandemic.

**18.**

On or about October 6, 2020, Plaintiff Yang tests positive for the Covid-19 virus. Plaintiff advises his supervisor of the positive test and his supervisor sends Plaintiff Yang home from work.

**19.**

Beginning October 7, 2020, through October 20, 2020, Defendant Nissan requires Plaintiff Yang to quarantine from work for 14 days.

**20.**

During Plaintiff's guarantee time, Defendant Nissan provides the required two weeks' pay for his time out due to Covid.

**21.**

On or after October 8, 2020, Defendant hires a new Regional Fixed Operations Manager, Andrew Cluck.

**22.**

On or about October 19, 2020, Plaintiff Yang tests negative for the Covid-19 virus. Plaintiff Yang notifies Defendant Nissan that he was clear to return to work.

**23.**

Defendant Nissan advises Plaintiff Yang to return to work on October 20, 2020.

**24.**

On October 20, 2020, upon Plaintiff Yang's return to work, Defendant Nissan's new Fixed Operations Manager, Andrew Cluck, terminates Plaintiff Yang from his employment.

**25.**

The two men had never met, and the termination meeting lasts just under one minute.

**26.**

Plaintiff Yang asks Andrew Cluck the reason for his decision to terminate his employment.

**27.**

Andrew Cluck's response is that the State of Georgia says he does not have to have a reason to terminate him.

**28.**

Defendants do not provide any paperwork or a Separation Notice to Plaintiff Yang.

**29.**

At the conclusion of the meeting, Plaintiff Yang asks the new supervisor if he could speak with the Human Resources Manager.

**30.**

The supervisor directs Plaintiff Yang to their Human Resources Manager upstairs.

**31.**

Plaintiff Yang walks upstairs to Human Resources and files a report in opposition to his termination.

**32.**

Plaintiff Yang reports to Human Resources that he has been terminated and retaliated against by his employer for his time out of work due to the Covid-19 infection and quarantine.

**33.**

Defendant Nissan's Human Resources Manager was not aware of the termination of Plaintiff Yang, and had no documentation to provide Plaintiff.

**34.**

On October 22, 2020, Defendant Nissan Human Resources issued Plaintiff Yang an email with a Separation Notice attached.

**35.**

Defendant Nissan's Separation Notice is signed and dated October 12, 2020.

**36.**

Defendant Nissan terminated Plaintiff Yang while he was out of work on a Covid-19 virus quarantine.

## Count I:
## Family and Medical Leave Act/Families First Coronavirus Response Act/ Emergency Paid Sick Leave Act

**37.**

For his first claim, Plaintiff Yang incorporates the averments of the previous paragraphs of this complaint.

**38.**

The FFCRA did not set forth new notice, anti-retaliation, or non-interference provisions because it was enacted as an amendment to the FMLA; thus, all FMLA notice requirements and prohibitions on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

**39.**

During the 12 months prior to October 20, 2020, Defendants employed Plaintiff for at least 1,250 hours of service.

**40.**

Defendants employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of 2019 and/or 2020.

**41.**

Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

**42.**

Defendant was not eligible for an exemption under the FFCRA, having 50 or more employees, and indeed, did not seek or obtain an exemption.

**43.**

Plaintiff was eligible for sick leave and paid leave under the FFCRA.

**44.**

Defendants interfered with the Plaintiff's rights under the FMLA, FCRA, EFMLEA by prohibiting him from returning to his position or a substantially similar position upon returning to work after his protected leave.

**45.**

Defendant's conduct was willful, and Defendant intended to deprive Plaintiff of his rights under the FFCRA.

**46.**

There is a causal link between the adverse actions and the employment actions herein, including Plaintiff's termination.

## Count II:
## Family and Medical Leave Act/Families First Coronavirus Response Act/ Emergency Paid Sick Leave Act Retaliation

**47.**

Plaintiff re-alleges and adopts, as if fully set forth herein, the averments stated in the previous paragraphs of this complaint.

**48.**

The FFCRA did not set forth new notice, anti-retaliation, or non-interference provisions because it was enacted as an amendment to the FMLA; thus, all FMLA notice requirements and prohibitions on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

**49.**

During the 12 months prior to October 20, 2020, Defendants employed Plaintiff for at least 1,250 hours of service.

**50.**

Defendants employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of 2019 and/or 2020.

**51.**

Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

**52.**

Defendant was not eligible for an exemption under the FFCRA, having 50 or more employees, and indeed, did not seek or obtain an exemption.

**53.**

Plaintiff was eligible for sick leave and paid leave under the FFCRA.

**54.**

Plaintiff was terminated as a result of his protected activity.

**55.**

Defendants unlawfully retaliated and otherwise discriminated against Plaintiff for exercising or attempting to exercise her FFCRA rights.

**56.**

Defendants' conduct was willful, and Defendants intended to deprive Plaintiff of his rights under the FFCRA.

**57.**

There is a causal link between the adverse actions and the employment actions herein, including Plaintiff's termination.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendants to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff's costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other, and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Respectfully submitted this 11th day of October 2022.

<u>/s/ Benjamin F. Barrett Jr.</u>
Benjamin F. Barrett Jr.
GA Bar No: 039586
Ben Barrett Law
1050 Crown Pointe Pkwy, Suite 500
Atlanta, GA 30338
Phone: 404-845-7449
ben@benbarrettlaw.com

*Attorney for Plaintiff*